1556 and 161845, Quality Health Services of P.R. v. NLRB Thank you. Mr. Nieto, Nieto. Good morning, Your Honor. May it please the Court. Jose Nieto Domingo on behalf of the petitioner and cross-respondent, Quality Health Services of P.R. doing business at Hospital San Cristobal. Your Honor, I would like to reserve five minutes for rebuttal, if I may. You may. Thank you, Your Honor. Your Honor, less than two weeks ago, on March 21st, the Supreme Court issued its decision in the case of the NLRB v. SW General. In this case, the Supreme Court affirmed the decision of the D.C. Circuit in a case that held that the Acting General Counsel of the NLRB was serving in that position as Acting Counsel illegally. Both the Supreme Court and the D.C. Circuit held that the prohibition contained in Section 3345B1 of the F.P.R.A., which provides that notwithstanding the subsection A1, which states that a first assistant shall perform the functions of an officer who dies or who resigns, no person shall serve as an acting officer if the President of the United States submits a nomination of that person for the appointment of such office. And the Supreme Court clarified and held expressly that that prohibition applies to all acting officers, regardless of whether they were serving under subsection A1, A2, or A3, as Mr. Solomon was serving in this case. And much like in this case, in the SW case before the D.C. Circuit, the Court was entertaining a petition for review of a company that was charged by the NLRB with unfair labor practice. And also, much like in the ASAN case, the NLRB filed a cross-petition for enforcement. The Court granted the petition for review and then denied the cross-petition for enforcement and vacated the order. It's important to note the following. If you go to the Supreme Court's decision, the very, very last paragraph of the majority opinion written by Chief Justice Roberts, the Supreme Court says, applying the FVRA to this case is straightforward. Solomon was appointed as acting general counsel under subsection A3, and once the President submitted his nomination to fill that position, in a permanent capacity, subsection AB1 prohibited him from continuing the service. If I understand your argument correctly, I think what you're saying to us is that you and your client had the ability to simply keep quiet, keep this issue in your back pocket, see how the whole hearing went, if it went well, never say anything about it, but if you lose, then come to us and for the first time say, hey, it was an acting G.C. who was appointed improperly. No, no, no, Your Honor, not at all. So why didn't you need to raise it below, before the Board? Well, Your Honor, I just want to clarify that the fact that it was not raised was not due to the fact that our client or my client was deliberately trying to see how the hearing went. We don't know that. We don't have a mechanism for fact-finding. All we know is that it wasn't raised, and it wasn't raised at a time when it was already a highly prominent issue being litigated in other courts. Exactly, Your Honor, but if I may, the fact that it was prominently being litigated included specifically the NLRB, and if I may, Your Honor, I would like to explain why that made a difference. But go back to my original question. Are you saying, do you agree you never raised this before the Board? Do I agree? Yes, Your Honor, yes. And then how can we get over that? Why should we now let you wait to see afterwards and then? Because, Your Honor, there are extraordinary circumstances, and this Court has held that in appropriate cases where there are extraordinary circumstances, the Court may consider the issue. And if I may, I will explain why that is. The reason why the Court should consider this is because the same thing happened when the Board initially asked this Court to vacate its original order and remand it to the Board after the Supreme Court decision in 2014 in the Nolan Caine case. At that point, the Board realized that there was a problem with the composition of the Board, and instead of going forward with its enforcement proceedings, had this Court send the case back so they can conduct a de novo review. In this case, when the de novo review was being conducted, by then, the NLRB already knew that at least the D.C. Circuit and the Ninth Circuit had decided that Mr. Solomon had no authority to continue acting as an acting General Counsel. The question that is worth asking is, why didn't the NLRB ask the Court to once again have somebody, specifically a person that was acting as a General Counsel of the NLRB, look at these facts again as part of the de novo review and see if that person actually agreed to filing the complaint again? It's important to note, Your Honor, that there is a very important constitutional question here, and the Supreme Court makes it very, very clear. In fact, the concurring opinion written by Justice Thomas in this case says not only that this kind of appointment violated the FVRA, but that in his opinion, it was unconstitutional. He didn't have to reach the constitutional question because the statutory interpretation of the FVRA made it clear that Mr. Solomon could not continue. But for that, his argument is that the General Counsel of the NLRB is a principal officer, Your Honor. His decision to prosecute or not prosecute is not subject to any review, neither by the Board, neither by the Courts. So, as you can see, the General Counsel of the NLRB has a tremendous power, and it's very clear that if another person would have the opportunity to conduct this de novo review, a person who was occupying this position not unlawfully, like Mr. Solomon was doing, that new General Counsel or the acting General Counsel, that person could have easily decided to take another decision. And we submit respectfully, Your Honor, that we're not talking here about a situation in which a party is raising an argument that the other party is not aware of. By definition, the NLRB was completely aware about this argument because they were a party to it. Well, the NLRB was aware of it, but they were also defending their position at the same time, so they weren't conceding the correctness of the D.C. ruling. And your response begs the question of why you didn't mount an independent challenge based upon an issue that was being hotly contested at that time. Your Honor, I believe that the Supreme Court decision makes it clear that, as Chief Justice Roberts states in his opinion, that this was a straightforward case of statutory interpretation. And I think that that last paragraph states this expressly. Well, that makes it all the harder then to understand why you didn't raise it. Well, Your Honor... It was so straightforward and obvious that... Do you have any authority that says the defect here was a defect that rendered the entire action void as opposed to voidable? Well, Your Honor, it's very interesting that you make this point because it's worth noting that in the Supreme Court decision, Justice Roberts makes absolutely no distinction or makes nothing of the fact, as the D.C. Circuit did, about whether or not it was void or voidable. He just went ahead and said he was occupying the position illegally. The Supreme Court did not dwell on that point. It mentions it in a footnote and says that for their purposes, they're not going to take that into consideration. But, Your Honor, I believe that you sitting now, reading this precedent of the Supreme Court, in which, again, as Justice Thomas states, not only is raising a mere statutory construction question, but very well the possibility of an unconstitutional action, that this Court is not going to find that to be an extraordinary circumstance in which or for which it will not decide to exert its discretion. And have this case be reviewed again by someone who has been appropriately appointed or serving as acting General Counsel to decide if it's warranted to issue this complaint against the Hospital San Cristobal, Your Honor. Thank you. Ms. Sheehy, good morning. Good morning. Barbara Sheehy for the National Labor Relations Board. I'll pick up where the conversation sort of left off. I guess we'll start with the procedural issue of Southwest General. And as we lay out in our brief and as we articulated in the 28-J that we filed last week with the Court, it's our view that Southwest General, the decision by the Supreme Court, has done nothing in terms of making the complaint in this case any different than what it was before that case issued. Who issues the complaint? The complaint is issued by the General Counsel, Your Honor. And if he's serving illegally, why isn't that complaint invalid? Well, so one thing that goes to void ab initio, that doctrine doesn't apply to the General Counsel. That's because there's a provision in the FEVRA statute that refers to certain actions can be ratified or can't be ratified. And the General Counsel of the Board is specifically exempted from the provision of FEVRA that says that these actions cannot be ratified. So we know, based on the structure of FEVRA, that the General Counsel for the Board isn't issuing a complaint that is void ab initio if there's an infirmity with the appointment. And to the question, though, about whether, so he's not issuing a voided, he's not issuing a complaint that on its face is void, which is why you have the obligation, and you see this articulated by the D.C. Circuit, in a subsequent case. So after Southwest General, you have the D.C. Circuit expressly consider the question of is this a waivable issue? And that case, as we cited in our brief, the Sixth is Marquez Brothers. And then it's also relied on by the Third Circuit in 1622, Route 1622, Road 1. I forget the numbers. But in that case, the D.C. Circuit, so they hint very strongly in their decision, which is still left intact, even after the Supreme Court decision, they hint, Judge Henderson, writing the majority opinion in Southwest General, hints very strongly, if not flat out, saying this is not the son of Noel Canning. And so they say that we see no reason that this is a waivable, non-waivable issue. But they don't decide that. Then you have Marquez Brothers' issue, where they definitively state this is not waivable, and it's because this is the action of a single appointed officer, as opposed to what we saw in the Noel Canning era, which was the authority of the entire agency as an agency to act. So that sort of issue, we know, was non-waivable. That was a jurisdictional issue. A party did not have to raise that. And then that's why we came back in 2015, this very case. We asked for the case to be reamended to the board so the board could vacate the board decision so the board could do something with that case in the wake of Noel Canning. But you have the D.C. Circuit saying in Marquez Brothers that that's not this. This is a single action by an officer, pretty far down the line, as opposed to a final decision in order issued by an agency. So for that reason, it puts them on a different footing in terms of waivable versus an obligation to alert the board to an issue. And I would add, there was a lot of reliance from opposing counsel there on what Justice Thomas said in his concurrent opinion that no single justice joined. There was nothing in the Supreme Court decision to support Justice Thomas' view as the majority opinion. So to the extent there was any reliance there that this is a constitutional issue, that it's a separation of powers issue, that was not picked up on by the majority opinion. That was Justice Thomas writing for himself on his own in a concurrence. Unless there are any other questions on the waiver issue, I'm happy to move into the merits. We didn't have a lot of time to discuss that with opposing counsel. I'm happy to answer any questions that there are on the merits in terms of the board having found several violations. I'd add, I've relied predominantly on what we have in our brief, which is those violations come uniquely within the purview of the board. They have to do with analyzing and assessing the bargaining process, which as this court is well aware, is a province that's uniquely suited for the board to determine. So there's a high hurdle there for the hospital to show that the board doesn't have substantial evidence, that the board didn't have substantial evidence, to find that there was unilateral subcontracting to the per diem employees and that there was a unilateral action in discharging and subcontracting the entire respiratory therapy department that resulted in the job loss of the eight employees. As I said, if there are any questions on the merits, I'm happy to address those. I don't think the other side argued them. I relied on the brief, so maybe you should do the same. I'll do the same. And so we'd ask for full enforcement. Thank you very much. Thank you, Your Honor. First of all, regarding the point made about no one joining Justice Thomas' opinion. Well, obviously, if the Supreme Court decided this on statutory grounds, there was no need for anyone to express any views regarding the constitutionality. But that doesn't mean, and that cannot be interpreted to mean, that the rest of the court does not think that that is a problem. And precisely, if this court were to decide that notwithstanding the undeniable fact, which is admitted by the NLRB in their brief, that Mr. Solomon acted illegally, that is undisputed. I think that it's important for this honorable court to be mindful of the fact that if the court is going to let that stand on the grounds that that argument had been waived, I think that it should weigh very heavily on the court's conscience the fact that they may not be allowing not only an illegal action to stand, but also one that is unconstitutional. Now you just came back to Justice Thomas' opinion, which you said the court didn't need to reach. And what's the basis for saying it's unconstitutional? Are you saying Congress couldn't have said that the president can appoint someone who's being appointed for another spot as an active? Yeah, that's exactly what Justice Thomas says. I mean, Justice Thomas says that there is no question. I think an analysis that is very relevant for this court as to what kind of officer is the general counsel of the NLRB, including the historical fact that this officer was one that was given independence when the NLRA was amended, to take that away from the board. The board used to be both the entity that decided when to prosecute and then decided. And then that faculty was taken away from the board and given to the general counsel. So the general counsel now is a principal officer. And again, his decisions are not reviewable. And that's why I want to call the court's attention on page 7 of the Supreme Court Majority Opinion by Chief Justice Roberts. Page 7, footnote number 2. That's where Chief Justice Roberts talks about this whole issue about whether or not it's void or voidable. And it states specifically that the board did not seek review about that issue. And what that means is that certainly, even if it's not void at an issue, because that provision doesn't apply specifically to the general counsel of the NLRB, it could be voidable. And the reason why it could be voidable and it should be voidable is precisely because we're talking about a decision of this principal officer of the United States whose power is so great that nobody can review that decision. Another person can say, given the arguments that are being made in this case, I am looking at this record and I have discretion, the general counsel of the NLRB, I have discretion not to issue this complaint. And the Hospital San Cristobal is entitled to have an officer that is not acting illegally to make that decision. As opposed to Mr. Solomon, who, after all, was supposedly acting on a temporary basis and ended up serving in that position for over three years. I think I urge the court once again to consider the arguments raised by Justice Thomas. Because again, the fact that a statutory interpretation in this case, which favors Hospital San Cristobal in this case, the fact that it was not necessary to consider whether or not Mr. Solomon acted not only illegally but also in violation of the Constitution. I think that this court cannot remain just passive and look at this because, after all, it is not impossible for the court, there is not an absolute impediment for the court to consider the argument, notwithstanding the fact that it was not raised below. Thank you.